DERICK E. KONZ, SBN 286902
  Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants SUPERIOR COURT
OF CALIFORNIA, COUNTY OF KERN;
PRESIDING JUDGE ERIC BRADSHAW;
and JUDGE BERNARD C. BARMANN, JR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH, <br><br> Plaintiff, <br><br> vs. <br><br> BERNARD C. BARMANN, et al. <br><br> Defendant. | Case No.: 1:23-CV-00461-JLT-CDB <br><br> **STATE JUDICIAL BRANCH DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> DATE:  July 10, 2023 <br> TIME:  9:00am <br> CTRM:  4 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2023 at 4 a.m. or as soon thereafter as the matter may be heard in Courtroom * of the United States District Courthouse located at 501 I Street, Sacramento, California, Defendants Bernard C. Barmann, Jr. Judge of the Superior Court of California, County of Kern ("Judge Barmann"); Eric Bradshaw, Presiding Judge of the Superior Court of California, County of Kern ("Presiding Judge Bradshaw"); and the Superior Court of California, County of Kern ("Superior Court") move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for an Order dismissing Plaintiff's complaint.

The motion is based on this notice of motion, the points and authorities filed herewith, and the pleadings already on file.

Dated: May 16, 2023

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*
By:_____
DERICK E. KONZ
Attorneys for Defendants SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN; PRESIDING JUDGE ERIC BRADSHAW; and JUDGE BERNARD C. BARMANN, JR.

## MEET AND CONFER

I contacted Ms. Kamath by email on May 1 to begin the meet and confer process. Ms. Kamath responded by email that she was going to file an amended complaint "shortly" and that she would be "happy to provide a brief extension of time via stipulation" for my May 16 responsive pleading deadline.

On May 3, I sent Ms. Kamath a proposed stipulation to extend Defendants' responsive pleading deadline 28 days from May 16 to June 13 so that she would have additional time to file an amended complaint before Defendants had to respond to her complaint. On the stipulation, I typed in both of our names on the signature lines, emailed it to her, and asked her if it was okay to file. On May 4, Ms. Kamath responded by email that I "forged" her signature, broke the law, and that she would give me an extension until July 5 because her amended complaint would not be finished until "end of May 2023." I responded by email on May 4 that I only *asked* her if it was ok to file the stipulation, I did not forge her signature, that the local rules do not allow us to stipulate to an extension until July 5 without an order, and that I needed to know whether I had her permission to file the stipulation for more time. Ms. Kamath responded by email on May 4 that she was contemplating a lawsuit against me for forgery and that she would be "filing the AMENDED COMPLAINT until END OF MAY 2023." I responded asking her to clarify whether I had her permission to file the stipulation for more time and she did not respond.

On May 8, 2023, I emailed Ms. Kamath the arguments and authority contained in the motion to dismiss and asked her to provide a response.

On May 8, 2023, she responded by email, would not voluntarily dismiss any of her claims, and stated that she was available to meet and confer telephonically that week.  On May 8, I responded that she was forcing me to file the motion to dismiss because she would not agree to the stipulation for more time, I asked her again if she would, and asked if she was available for a phone call the next day.  On May 8, she responded by email that she would be editing the stipulation and reiterated her claim that I committed forgery because I sent her the original proposed stipulation with her signature typed in and asked her if it was okay to file.  I never received a phone call from her or any response to my invitation for a phone call.

On May 12, she emailed me that I had not responded "to your forgery" and that she would be amending the complaint.  She did not send a revised stipulation for more time or agree to allow me to file the original stipulation.  On May 12, I responded by email that she still had not provided authorization for the stipulation to be filed or provided an alternative and therefore was forcing me to file a responsive pleading by the May 16 deadline.  I hereby certify that meet and confer efforts have been exhausted.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 16, 2023

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Derick E. Konz*
By:_____
DERICK E. KONZ
Attorneys for Defendants SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN; PRESIDING JUDGE ERIC BRADSHAW; and JUDGE BERNARD C. BARMANN, JR.