DERICK E. KONZ, SBN 286902
   Email:  dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants SUPERIOR COURT
OF CALIFORNIA, COUNTY OF KERN;
PRESIDING JUDGE ERIC BRADSHAW;
and JUDGE BERNARD C. BARMANN, JR.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH, | Case No.: 1:23-CV-00461-JLT-CDB |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| BERNARD C. BARMANN, et al. | |
| Defendant. | **DATE:      July 10, 2023**<br>**TIME:       9:00AM**<br>**CTRM:      4** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................... 1

II.    ALLEGED FACTS ............................................................................................ 2

      1.    Judge Barmann .................................................................................. 2

      2.    Presiding Judge Bradshaw ................................................................. 3

III.   STANDARD OF REVIEW ............................................................................... 3

IV.    LEGAL ARGUMENT ...................................................................................... 4

    A.    THE COURT LACKS FEDERAL SUBJECT MATTER JURISDICTION ........................ 4

       1. Judge Barmann……………………………………………………..................... 2

       2.  Presiding Judge Bradshaw ................................................................. 5

    B.    ELEVENTH AMENDMENT IMMUNITY BARS THIS ACTION. .................................. 6

       1.    Superior Court .................................................................................... 6

       2.    Judge Barmann and Presiding Judge Bradshaw ............................... 6

    C.    THE SUPERIOR COURT AND ITS OFFICIALS ACTING IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS" SUBJECT TO 42 U.S.C. § 1983 LIABILITY. .... 7

    D.    JUDGE BARMANN AND PRESIDING JUDGE BRADSHAW ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY ................................................................... 7

    E.    THE NEGLIGENCE CLAIM LACKS ALLEGATIONS OF CALIFORNIA GOVERNMENT CLAIMS ACT COMPLIANCE……………………… …………………….......  9

    F.    THE NEGLIGENCE CLAIM LACKS ALLEGATIONS OF A LEGAL DUTY. ............... 10

    G.    THE DISCRIMINATION CLAIM LACKS ALLEGATIONS OF AN INTENT OR PURPOSE TO DISCRIMINATE OR ALLEGATIONS OF AN ADVERSE ACTION. ...................... 10

    H.    THE COMPLAINT FAILS TO ALLEGE ANY DATES WHICH MAKES IT IMPOSSIBLE FOR THE COURT TO DETERMINE WHETHER THE CLAIMS ARE TIMELY. .......... 11

    I.    INJUNCTIVE RELIEF IS NOT A CAUSE OF ACTION. ............................................. 12

    J.    DECLARATORY RELIEF IS NOT A CAUSE OF ACTION. ....................................... 12

V.    CONCLUSION……………………………………………………....12

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

`Cases

2

*Allah v. Superior Court of State of California*

3

871 F.2d 887 (9th Cir. 1989) ........................................................................ 5

4

*Ashcroft v. Iqbal*

5

556 U.S. 662 (2009).................................................................................... 4

6

*Barenborg v. Sigma Alpha Epsilon Fraternity*

7

(2019) 33 Cal.App.5th  76 ......................................................................... 12

8

*Barren v Harrington*

9

152 F3d 1193 (9th Cir 1998) ...................................................................... 10

10

*Bell Atlantic Corp. v. Twombly*

11

550 U.S. 544 (2007).................................................................................... 4

12

*Bianchi v. Rylaarsdam*

13

334 F.3d 895 (9th Cir. 2003) ....................................................................... 5

14

*Branson v. Nott*

15

62 F.3d 287 (9th Cir. 1995) ....................................................................... 5

16

*Butler v. Los Angeles Cty*

17

617 F. Supp. 2d 994,  (C.D. Cal. 2008) ....................................................... 9

18

*Camp v. Board of Supervisors*

19

123 Cal. App. 3d 334, Cal. Rptr. 620 (1981)...........................................10, 12

20

*Camp v. State of California*

21

184 Cal.App.4th 967, (2010) ...................................................................... 12

22

*City of Cleburne v Cleburne Living Center*

23

473 US 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)........................... 11

24

*City of San Jose v. Superior Court*

25

12 Cal.3d 447, 455, 115 (1974) .................................................................. 10

26

*Clark v. Countrywide Home Loans, Inc*

27

732 F. Supp. 2d 1038, (E.D. Cal. 2010) ...................................................... 14

28

*Demoran v. Witt*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

781 F.2d 155 (9th Cir. 1985) ................................................................................. 9

*Dist. of Columbia Court of Appeals v. Feldman*

460 U.S. 462 (1983)......................................................................................... 5, 6

*Doe v. Schachter*

804 F. Supp. 53 (N.D. Cal. 1992) ...................................................................... 4

*Durning v. Citibank*

*N.A.*, 950 F.2d 1419 (9th Cir. 1991) ................................................................. 7

*Forrester v. White*

484 U.S. 219 (1988)............................................................................................ 9

*Franklin v. Murphy*

745 F.2d 1221 (9th Cir. 1984) ...........................................................................4

*Hans v. Louisiana*

134 U.S. 1, 15 (1890)......................................................................................... 6

*Harvey v. Waldron*

210 F.3d 1008, 1012 (9th Cir. 2000) ................................................................. 8

*Hyland v. Wonder*

117 F.3d 405, 413 (9th Cir. 1997) ..................................................................... 7

*Ileto v. Glock Inc*

349 F.3d 1191 (9th Cir. 2003) ........................................................................... 5

*Karim-Panahi v. Los Angeles Police Department*

839 F.2d 621, 627 (9th Cir. 1988) ................................................................... 11

*King v. Ramirez*

No. 1:18-cv-00769-LJO-SKO (E.D. Cal. Sep. 11, 2018)........................ 9,10, 11

*Kokkonen v. Guardian Life Ins. Co.*

511 U.S. 375 (1994)........................................................................................... 5

*Lee v City of Los Angeles*

250 F3d 668 (9th Cir 2001) ............................................................................. 11

*Mangold v. California Public Utilities Commission*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

67 F.3d 1470 (9th Cir. 1995) ........................................................................ 11

*McDaniel v. Lizarraga*

No. 2:19-cv-1136 JAM KJN P, 2022, at *30 (E.D. Cal. May 18, 2022) ......................... 12

*Munoz v. California*

33 Cal. App. 4th 1767, 1776, 39 Cal. Rptr. 2d 860 (1995) .............................. 10

*Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*

730 F.3d 1111, 1125 (9th Cir. 2013) ........................................................... 11

*Olmstead v. L C ex rel Zimring*

527 US 581, 614, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999) .................…………….......... 11

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*

506 U.S. 139, 142–46 (1993) ................................................................... 7

*Quern v. Jordan*

440 U.S. 332 (1979) ............................................................................... 7

*Rooker v. Fidelity Trust Co.*

263 U.S. 413, 415 (1923) ......................................................................... 5

*Safe Air For Everyone v. Meyer*

373 F.3d 1035 (9th Cir. 2004) ................................................................... 4

*Shell Oil Co. v. Richter*

52 Cal. App. 2d 164, 168, 125 P.2d 930 (1942) ............................................ 12

*Sherman v Yakahi*

549 F2d 1287 9th Cir 1977) ..................................................................... 11

*Simmons v. Sacramento County Super. Ct.*

318 F.3d 1156, 1161 (9th Cir.2003) ............................................................ 7

*Sopcak v. Northern Mountain Helicopter Serv.*

52 F.3d 817, 818 (9th Cir. 1995) ............................................................... 3

*State v. Superior Court (Bodde)*

32 Cal. 4th 1234, 1244, (2004) ................................................................ 11

*Stump v. Sparkman*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1          435 U.S. 349, 360-361 (1978) ................................................................. 8, 9

2    *Thornton v City of St Helens*

3          425 F3d 1158, 1167 (9th Cir 2005) ........................................................... 11

4    *Ventura Mobile Home Communities Owners Ass'n v City of San Buena Ventura*

5          371 F3d 1046, 1055 (9th Cir 2004) ........................................................... 11

6    *Ward v. Wells Fargo Bank, N.A.*

7          No. 1:11-cv-0515 OWW SMS, 2011 U.S. Dist. LEXIS 63725 ...................... 12

8    *Western Mining Council v. Watt*

9          643 F.2d 618, 624 (9th Cir. 1981) .............................................................. 5

10   *Will v. Mich. Dep't Of State Police*

11        491 U.S. 58, 71 (1989) ............................................................................ 8

12   *Willis v. Reddin*

13        418 F.2d 702, 704 (9th Cir. 1969) ............................................................. 9

14   **Other**

15   42 U.S.C. § 1983 ........................................................................................ 1

16   Cal. Govt. Code section 825(a) .................................................................... 7

17   Cal. Govt. Code section 900.3 ...................................................................... 7

18   California Government Code section 811.9(a) ................................................ 6

19   California Government Code sections 810 ..................................................... 8

20   California Rules of Court, rule 10.202 ........................................................... 6

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    Defendants Bernard C. Barmann, Jr. Judge of the Superior Court of California, County of
2    Kern ("Judge Barmann"); Eric Bradshaw, Presiding Judge of the Superior Court of California,
3    County of Kern ("Presiding Judge Bradshaw"); and the Superior Court of California, County of
4    Kern ("Superior Court") submit the following memorandum of points and authorities in support
5    of their Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF No.
6    1, hereinafter "Complaint").

## I.  INTRODUCTION

8    This action arises out of an action in the Superior Court of California, County of Kern,
9    over which Judge Barmann presided. Plaintiff, attorney Reshma Kamath, represented at least one
10   of the parties in the Superior Court action and alleges that Judge Barmann sanctioned her and
11   issued an order of contempt that was not personally served on her. She also alleges that
12   Superior Court Presiding Judge Bradshaw discriminated against her because he did not do
13   anything after learning that an unnamed Deputy Sheriff "crept up from behind [Plaintiff] with a
14   stack of papers" in the courtroom and assumed a "strange body posture" in front of her.

15   Plaintiff brings four claims against Judge Barmann, Presiding Judge Bradshaw and the
16   Superior Court: 1. Injunctive Relief; 2. Negligence; 3. 42 U.S.C. § 1983 Race and Gender
17   Discrimination; and 4. Declaratory Relief. Injunctive relief and declaratory relief are not properly
18   independent claims and the negligence and discrimination claims fail for a number of reasons: a)
19   this Court lacks subject matter jurisdiction to interfere with state court actions; b) Eleventh
20   Amendment immunity precludes claims against arms of the state; c) the Superior Court and its
21   officials acting in their official capacities are not "persons" subject to 42 U.S.C. § 1983 liability;
22   d) Judge Barmann and Presiding Judge Bradshaw are entitled to absolute judicial immunity; e)
23   the negligence claim lacks allegations of pre-suit claim presentation; f) the negligence claim
24   lacks allegations of a legal duty; g) the discrimination claim lacks allegations of an intent to
25   discriminate or an adverse action; and h) there are no alleged dates which makes it impossible for
26   the Court to determine if this action is timely, in violation of Fed. R. Civ. P. 8. Defendants
27   respectfully request dismissal.

28

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## II.  ALLEGED FACTS

The Complaint largely contains legal conclusions which, when sifted out, reveal the following allegations of fact.

1. **Judge Barmann**

- Judge Barmann "did deny multiple requests to have plaintiffs' counsel[1] appear to prosecute these matters; did illegally and without jurisdiction sanction Plaintiff; and cause other officers such as sheriff to act without cause[.]" ¶ 22.[2]

- "Plaintiff RESHMA purports that she was not allowed to properly represent her clients as counsel in the state court action(s.)" ¶ 29.

- Judge Barmann did not "personal serv[e] [Plaintiff] the Order of Contempt" (¶ 37), which Plaintiff claims was "without jurisdiction because service on a commercial mail receiving agency requires affidavit of service (CMRA), and a proof and declaration of mailing from the CMRA" (¶ 38), and also because Plaintiff "did not personally appear, voluntarily did not challenge and contest the Order, and thus Plaintiff RESHMA did not waive the personal service requirement." ¶ 39.

- Judge Barmann "made unauthorized contact and ex-parte communication [by] sending USPS mail-service to Plaintiff Reshma address as 'BERNARD C. BARMANN, JR.' and further sent multiple electronic service mail where he continued the Order of Contempts multiple times – each time without the personal service, and without the valid/unperfected CMRA service (with no affidavit of service, and with no declaration of mailing from CMRA,) and each time sanctioning Plaintiff RESHMA[.]" ¶ 42.

- Judge Barmann "made off-the-record comments re caste, minorities, one billion Indian people in the world, and related statements with his alleged doctor, who [Judge Barmann] claims is also of Indian ethnic and racial background." ¶ 43.

---

[1] It is unclear whether Plaintiff is referring to herself in this allegation ("plaintiff's counsel"), but it does seem clear that she is challenging a sanction order in the state court action against her.
[2] All paragraph number citations refer to the Complaint (ECF No. 1).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

- Judge Barmann "made off-the-record comments re whether Plaintiff Reshma is disabled, and whether she needs therapy. Defendants made comments about Plaintiff RESHMA in discussion with each other that she was allegedly 'on her period,' (not true,) that she is 'a kid,' (not true,) and, 'a young attorney,'[.]" ¶ 45.

- Judge Barmann "has brought his familial relations, such as his wife, his children, his 'step' daughters, his doctor, and etcetera – that had no bearing in this case, and were not about substantive merits. [Judge Barmann] was looking for a 'husband' to show up for Plaintiff Reshma – after [Judge Barmann] issued a sua sponte order related to bad-faith, false and reckless disregard – often conclusory minute orders – not grounded in fact, and stemming purely from racial and gender discriminatory attitude of [Judge Barmann] toward Plaintiff Reshma Kamath." ¶ 46.

**2.    Presiding Judge Bradshaw**

- "Defendant Deputy Sheriff crept up from behind her with a stack of papers … without any verbal warning, where she saw the action of Deputy Sheriff flinging the papers." ¶ 32.

- "Defendant Deputy Sheriff made a strange body posture when Plaintiff knocked on the outer door of the courtroom department 17 to request a rough transcript copy of the trial day from the court reporter." ¶ 34.

- Presiding Judge Bradshaw "was given notice of such actions on-going in the courthouse, and specifically, in department 17 of the courthouse; Yet, as the presiding judge, Defendant Eric Bradshaw took no action." ¶ 35.

### III.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). "A Rule 12(b)(1)

jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Defendants advance a facial attack. A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id*. If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

## IV.  LEGAL ARGUMENT

### A.  THE COURT LACKS FEDERAL SUBJECT MATTER JURISDICTION.[3]

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S.

---

[3] This argument is brought pursuant to Fed. R. Civ. P. 12(b)(1).  All others are brought pursuant to 12(b)(6).

375, 377 (1994).  The *Rooker-Feldman* doctrine[4] bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). Quite simply, the federal district courts lack subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Allah v. Superior Court of State of California*, 871 F.2d 887, 891 (9th Cir. 1989); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, *inter alia*, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486.

### 1.    Judge Barmann

Plaintiff's Complaint challenges Judge Barmann's rulings and applications of rules and procedures in a state court action. See ¶ 22 (denied requests to appear and sanctioned Plaintiff); ¶¶ 37-39 and 42 (did not personally serve an Order of Contempt and sanctioned Plaintiff); and ¶¶ 43, 45, and 46 (issued minute orders stemming from a racial and gender discriminatory attitude). These decisions by Judge Barmann are "inextricably intertwined" with the state court action and thus this Court lacks subject matter jurisdiction to interfere. *Feldman*, 460 U.S. at 483 n. 16.  Judge Barmann respectfully requests dismissal.

### 2.    Presiding Judge Bradshaw

The only allegation against Presiding Judge Bradshaw is that he "took no action" in response to notice that the Deputy Sheriff "crept up from behind [Plaintiff] with a stack of papers" in the courtroom and "made a strange body posture when Plaintiff knocked on the outer door of the courtroom[.]" ¶¶ 32, 34, and 35. This is also a challenge to the application of rules and procedures in a state court action because it challenges Presiding Judge Bradshaw's decision under his authority as the Presiding Judge over the state court action. This Court lacks subject matter

---

[4] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  jurisdiction to interfere. Presiding Judge Bradshaw respectfully requests dismissal.

2  **B.    ELEVENTH AMENDMENT IMMUNITY BARS THIS ACTION.**

3       The Eleventh Amendment provides that "The Judicial Power of the United States shall not

4  be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

5  United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As

6  interpreted by the Supreme Court, the amendment prohibits federal courts from hearing suits

7  brought by private citizens against state governments without the state's consent, even if the

8  plaintiff is a citizen of the defendant state. *Hans v. Louisiana* 134 U.S. 1, 15 (1890); *Durning v.*

9  *Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).

10       **1.    Superior Court**

11       The Eleventh Amendment protects states, state agencies, and "arms of the state" from

12  liability absent a clear waiver or consent to suit. *Quern v. Jordan*, 440 U.S. 332, 337–345 (1979);

13  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993) (absent

14  a waiver, state immunity extends to state agencies). The Superior Court is an arm of the State of

15  California and suit against it is barred pursuant to the Eleventh Amendment. *Simmons v.*

16  *Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir.2003) ("Plaintiff cannot state a claim

17  against the Sacramento County Superior Court (or its employees) because such suits are barred by

18  the Eleventh Amendment."). According, as to the Superior Court, Plaintiff's suit is barred by

19  Eleventh Amendment immunity.

20       **2.    Judge Barmann and Presiding Judge Bradshaw**

21       As to Judge Barmann and Presiding Judge Bradshaw, suit against them is also barred by

22  the Eleventh Amendment. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) ("If the state

23  officials can show that 'the action is in essence one for recover of money from the state, the state

24  is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit

25  even though individual officials are nominal defendants.").

26       Here, California Government Code section 811.9(a) and California Rules of Court, rule

27  10.202 require the Judicial Council of California ("the Judicial Council") to provide for the

28  representation, defense, and indemnification of "trial court judges" in any action arising out of an

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

act or omission occurring within the scope of their official duties. *See* Cal. Govt. Code section 825(a). The Judicial Council is a state judicial branch entity established by article VI, section 6, of the California Constitution.  *See also* Cal. Govt. Code section 900.3.

Thus, even though Judge Barmann and Presiding Judge Bradshaw are the named defendants in this case, the State of California remains the "real, substantial party in interest" through the Judicial Council's duty to provide for the representation, defense, and indemnification of trial court judges in this action. Accordingly, Eleventh Amendment immunity bars Plaintiffs' claims against Judge Barmann and Presiding Judge Bradshaw.

**C.    THE SUPERIOR COURT AND ITS OFFICIALS ACTING IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS" SUBJECT TO 42 U.S.C. § 1983 LIABILITY.**

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't Of State Police*, 491 U.S. 58, 71 (1989).  This applies to the Superior Court as an arm of the state and to Judge Barmann and Presiding Judge Bradshaw to the extent that they are sued in their official capacities, which the Complaint is not clear about.  Defendants respectfully request dismissal of the § 1983 claim.

**D.    JUDGE BARMANN AND PRESIDING JUDGE BRADSHAW ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.**

Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).  Judicial officers cannot be sued in federal court.  *Stump v. Sparkman*, 435 U.S. 349, 360-361 (1978) ("Because the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions.").

Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, *Forrester v. White*, 484 U.S. 219, 227–29 (1988); or (2) taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. "Allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain

the complaint when the officer possesses absolute judicial immunity." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985).

### 1.   Judge Barmann

Plaintiff sues Judge Barmann for adjudicative actions taken while he presided over Plaintiff's case in state court. See ¶ 22 (denied requests to appear and sanctioned Plaintiff); ¶¶ 37-39 and 42 (did not personally serve an Order of Contempt and sanctioned Plaintiff); and ¶¶ 43, 45, and 46 (issued minute orders stemming from a racial and gender discriminatory attitude).  These are undoubtedly challenges to Judge Barmann's actions taken in his judicial capacity. Accordingly, Judge Barmann is entitled to absolute judicial immunity and respectfully requests dismissal.

### 2.   Presiding Judge Bradshaw

Plaintiff sues Presiding Judge Bradshaw because he "took no action" in his capacity as Presiding Judge of the Superior Court in response to a Deputy Sheriff acting strange in the courtroom. See ¶¶ 32, 34, and 35. This allegation is a challenge to Presiding Judge Bradshaw's conduct while executing his official duties as Presiding Judge of the Superior Court in connection with Plaintiff's state court case.  This is undoubtedly a challenge to Presiding Judge Bradshaw's conduct in his judicial capacity as Presiding Judge of the Superior Court.  According, Presiding Judge Bradshaw is entitled to absolute judicial immunity and respectfully requests dismissal.

### E.   THE NEGLIGENCE CLAIM LACKS ALLEGATIONS OF CALIFORNIA GOVERNMENT CLAIMS ACT COMPLIANCE.

Plaintiff's Second Cause of Action alleges state-law negligence against Judge Barmann, Presiding Judge Bradshaw, and the Superior Court. However, the Complaint fails to allege necessary compliance with the California Government Claims Act.

Under the California Government Claims Act ("CGCA"),[5] set forth in California Government Code sections 810 et seq., "a plaintiff may not bring a suit for monetary damages

---

[5] The Supreme Court of California announced in *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-742 (2007), that going forward it will refer to title 1, division 3.6, parts 1 through 7 of the Government Code (sections 810 et seq.) as the "Government Claims Act" rather than by the traditional "Tort Claims Act" label.

1    against a public employee or entity unless the plaintiff first presented the tort claim to the

2    California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the

3    Board acted on the claim, or the time for doing so expired." *King v. Ramirez*, No. 1:18-cv-00769-

4    LJO-SKO, 2018 U.S. Dist. LEXIS 154891, at *17-19 (E.D. Cal. Sep. 11, 2018).

5           "The Tort Claims Act requires that any civil complaint for money or damages first be

6    presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th

7    1767, 1776, 39 Cal. Rptr. 2d 860 (1995). The purpose of this requirement is "to provide the public

8    entity sufficient information to enable it to adequately investigate claims and to settle them, if

9    appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447,

10   455, 115 Cal. Rptr. 797, 525 P.2d 701 (1974) (citations omitted), and "to confine potential

11   governmental liability to rigidly delineated circumstances: immunity is waived only if the various

12   requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of*

13   *Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation

14   requirement" constitutes an element of a cause of action for damages against a public entity or

15   official. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244, 13 Cal. Rptr. 3d 534, 90 P.3d

16   116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance

17   with the claim presentation requirement subjects a claim against a public entity to a demurrer for

18   failure to state a cause of action." *Id*. at 1239 (fn. omitted).

19          "Federal courts likewise must require compliance with the CGCA for pendant state law

20   claims that seek damages against state public employees or entities."  *King v. Ramirez*, No. 1:18-

21   cv-00769-LJO-SKO, 2018 U.S. Dist. LEXIS 154891, at *17-19 (E.D. Cal. Sep. 11, 2018), quoting

22   *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); see also *Mangold v. California Public Utilities*

23   *Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). State tort claims included in a federal action filed

24   pursuant to Section 1983 may proceed only if the claims were first presented to the state in

25   compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police*

26   *Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles Cty*., 617 F. Supp. 2d 994,

27   1001 (C.D. Cal. 2008).

28          In *King v. Ramirez*, the Court applied this requirement to a negligence claim against a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  judicial officer who presided over juvenile dependency proceedings in state court and dismissed
2  the claim for failure to allege compliance with the CGCA.  Here, Plaintiff brings a negligence
3  claim against judicial officers and the Superior Court, but does not allege compliance with the
4  CGCA. Defendants request dismissal of this claim.

5  **F.    THE NEGLIGENCE CLAIM LACKS ALLEGATIONS OF A LEGAL DUTY.**

6        Plaintiff's Second Cause of Action alleges negligence against Judge Barmann and
7  Presiding Judge Bradshaw because they did not take action when an unnamed Deputy Sheriff
8  allegedly crept up behind her in the courtroom and flung papers toward her, then took a strange
9  posture outside of department 17.  ¶¶ 66-73.  Plaintiff alleges that this was a breach of the
10 Defendants' "fiduciary duty." Id.

11       Duty is an element of a Negligence claim, which is a "shorthand expression for the sum
12 total of policy considerations favoring a conclusion that the plaintiff is entitled to legal protection."
13 *Camp v. State of California*, 184 Cal.App.4th 967, 975 (2010).  "Although every person generally
14 'has a duty to exercise reasonable care to avoid causing injury to others' [citation], 'as a general
15 matter, there is no duty to act to protect others from the conduct of third parties' [citation]."
16 *Barenborg v. Sigma Alpha Epsilon Fraternity* (2019) 33 Cal.App.5th 70, 76.  Here, Plaintiff fails
17 to allege sufficient facts that the Defendants owed a duty to take action and the Complaint fails to
18 explain how Judge Barmann or Presiding Judge Bradshaw owed a "fiduciary duty" to Plaintiff
19 under these circumstances.  They did not. Defendants request dismissal of this claim.

20 **G.    THE DISCRIMINATION CLAIM LACKS ALLEGATIONS OF AN INTENT OR PURPOSE TO
        DISCRIMINATE OR ALLEGATIONS OF AN ADVERSE ACTION.**
21
22       Plaintiff's Third Cause of Action alleges "Racial and Gender Discrimination" in violation
   of the Fourteenth Amendment.  ¶¶ 74-87.

23       "To state a claim under 42 USC § 1983 for a violation of the Equal Protection Clause of
24 the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or
25 purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren
26 v Harrington*, 152 F3d 1193, 1194 (9th Cir 1998).

27
28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In the usual case, this requires a plaintiff to allege that similarly situated persons who are not in the same protected class as the plaintiff were treated differently. *See Ventura Mobile Home Communities Owners Ass'n v City of San Buena Ventura*, 371 F3d 1046, 1055 (9th Cir 2004); *Lee v City of Los Angeles*, 250 F3d 668, 687 (9th Cir 2001); *see also Olmstead v. L C ex rel Zimring*, 527 US 581, 614, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999) (Kennedy concurring in judgment) (stating that the "normal definition of discrimination" is "differential treatment"); *City of Cleburne v Cleburne Living Center*, 473 US 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (stating that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike"). Allegations of being a member of a protected class alone is not sufficient to state a claim of discrimination. *Sherman v Yakahi*, 549 F2d 1287, 1291-92 (9th Cir 1977). Nor are allegations that individual defendants are members of different protected groups sufficient. *Thornton v City of St Helens*, 425 F3d 1158, 1167 (9th Cir 2005).

Plaintiff's claim is premised on allegations that an unnamed Deputy Sheriff crept up behind her in the courtroom and flung papers toward her, then took a strange posture outside of department 17, and Judge Barmann and Presiding Judge Bradshaw "took no action" in response.  ¶¶ 79, 80, and 84. There are no allegations that this conduct was motivated by race or gender and no allegations that different groups were treated different under similar circumstances. Moreover, there are no allegations that either Defendant took adverse action against Plaintiff. Plaintiff fails to state sufficient facts to support this Fourteenth Amendment claim. Defendants request dismissal.

**H.   THE COMPLAINT FAILS TO ALLEGE ANY DATES WHICH MAKES IT IMPOSSIBLE FOR THE COURT TO DETERMINE WHETHER THE CLAIMS ARE TIMELY.**

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the Complaint fails to allege a single date on which any of the alleged violations occurred.  As a result, there is no indication that any claims are timely and thus Plaintiff has not plead that she is entitled to relief.  Defendants request dismissal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    **I.      INJUNCTIVE RELIEF IS NOT A CAUSE OF ACTION.**

2           Plaintiff's First Cause of Action is Titled, "Injunctive Relief."  However, "[i]njuctive relief

3    is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive

4    relief may be granted." *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1051 (E.D.

5    Cal. 2010), citing *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356, 176 Cal. Rptr. 620

6    (1981) (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168, 125 P.2d 930 (1942)).

7           Accordingly, there is no basis for this claim on its own and no basis for an underlying claim

8    that could support injunctive relief as a remedy. Defendants request dismissal of this claim.

9    **J.      DECLARATORY RELIEF IS NOT A CAUSE OF ACTION.**

10          Plaintiff's Fourth Cause of Action is Titled, "Declaratory Relief."  However, "declaratory

11   relief is not a cause of action in and of itself[.]" *Ward v. Wells Fargo Bank, N.A.*, No. 1:11-cv-

12   0515 OWW SMS, 2011 U.S. Dist. LEXIS 63725, at *12 (E.D. Cal. June 16, 2011); *McDaniel v.*

13   *Lizarraga*, No. 2:19-cv-1136 JAM KJN P, 2022 U.S. Dist. LEXIS 89559, at *30 (E.D. Cal. May

14   18, 2022) ("plaintiff's request for declaratory relief is not a cause of action to redress past wrongs,

15   which are addressed by claims for damages. Because plaintiff's request for declaratory relief

16   duplicates his claim for damages, it is improper and should be dismissed.")

17          Accordingly, there is no basis for this claim on its own and no basis for an underlying claim

18   that could support declaratory relief as a remedy. Defendants request dismissal of this claim.

19                                          **V. CONCLUSION**

20          Judge Barmann, Presiding Judge Bradshaw, and the Superior Court respectfully request

21   dismissal of all claims without leave to amend.

22    Dated:  May 16, 2023                        ANGELO, KILDAY & KILDUFF, LLP

23                                                */s/ Derick E. Konz*

24                                          By:_____
                                                DERICK E. KONZ
25                                              Attorneys for Defendants SUPERIOR
                                                COURT OF CALIFORNIA, COUNTY
26                                              OF KERN; PRESIDING JUDGE ERIC
                                                BRADSHAW; and JUDGE BERNARD
27                                              C. BARMANN, JR.

28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE JUDICIAL BRANCH
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT