DERICK E. KONZ, SBN 286902
  Email: dkonz@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants SUPERIOR COURT
OF CALIFORNIA, COUNTY OF KERN;
PRESIDING JUDGE ERIC BRADSHAW;
and JUDGE BERNARD C. BARMANN, JR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BERNARD C. BARMANN, et al.<br><br>　　　　　Defendant. | Case No.: 1:23-cv-00461-JLT-CDB<br><br>**STATE JUDICIAL BRANCH DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>**Hearing Vacated (ECF No. 9)** |

Defendants Bernard C. Barmann, Jr. Judge of the Superior Court of California, County of Kern ("Judge Barmann"); Eric Bradshaw, Presiding Judge of the Superior Court of California, County of Kern ("Presiding Judge Bradshaw"); and the Superior Court of California, County of Kern ("Superior Court") submit the following Reply to Plaintiff's Opposition (ECF No. 13, "Opp.") to Defendants' Motion to Dismiss (ECF No. 8, "Motion").

**REPLY**

Plaintiff's Opposition only addresses the subject matter jurisdiction and judicial immunity arguments. Plaintiff does not address, and therefore concedes, the Motion's remaining arguments: Eleventh Amendment immunity precludes claims against arms of the state; the Superior Court and

its officials acting in their official capacities are not "persons" subject to 42 U.S.C. § 1983 liability; the negligence claim lacks allegations of pre-suit claim presentation; the negligence claim lacks allegations of a legal duty; the discrimination claim lacks allegations of an intent to discriminate or an adverse action; and there are no alleged dates which makes it impossible for the Court to determine whether this action is timely.

What Plaintiff does argue in her Opposition–that this Court has subject matter jurisdiction and absolute judicial immunity does not apply–lacks precedent[1] and should be rejected.

"Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court." *Austin v. California*, No. 1:22-cv-00252-DAD-SAB, 2022 U.S. Dist. LEXIS 70336, at *6-8 (E.D. Cal. Apr. 14, 2022), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." ).

Plaintiff's Opposition makes it clear that this is precisely what she is trying to do. Opp. at 4:11-12 ("The above-captioned litigation is akin to a mandamus proceeding, and/or disqualification proceeding.")  Yet, Plaintiff argues that this Court has subject matter jurisdiction because Judge Barmann is subject to disqualification in the state-court action and subject to an investigation by the Commission on Judicial Performance. Opp. at 3:17-9:26, 14:22-17:2, and 23:1-24:18. Plaintiff does not allege that Judge Barmann *was* disqualified in the state-court action before making decisions and it is immaterial that she believes that he should be disqualified.[2] The

---

[1] Plaintiff argues that legal precedent does not apply to her: "[p]laintiff does not need to conform to white culture, white people's way of thinking, legal precedence that is essentially white people's way of thinking, and those people of color who're yes-people to white judges' homogenous, ignorant, and typical way of thinking." Opp. at 20:3-7.  This is unavailing.  See Fed. R. Civ. P. 11(b)(2).

[2] Plaintiff inexplicably argues that Judge Barmann lacked personal jurisdiction to sanction her (Opp. at 13:23-14:21) despite no dispute she was representing her clients in the state-court action.

1  bottom line is, Judge Barmann made decisions from the bench which Plaintiff now seeks relief
2  from through this federal action. Such an action is barred by the *Rooker-Feldman* doctrine. If
3  Plaintiff wishes to challenge Judge Barmann's qualification to preside over the state-court action
4  or any of his decisions, this Court is not the proper forum; there are state-court procedures to
5  address that. Cal. Code Civ. P. sections 170.1 and 170.6 provide for disqualification procedures
6  and Article VI, Section 11, of the California Constitution and Cal. Code Civ. P. section 43 confers
7  jurisdiction on the California Supreme Court and courts of appeal to review judgments and orders.
8  Defendants request this case be dismissed for, *inter alia*, lack of subject matter jurisdiction.

9  Plaintiff attempts to overcome judicial immunity by arguing that Judge Barmann's conduct
10 was non-judicial in nature because he slammed his chamber's door, looked angry while on the
11 bench, did not listen to Plaintiff's arguments, is biased against minorities and women, arranged for
12 additional bailiffs to be in the courtroom, did not take any action when a bailiff flung papers in her
13 direction, did not let her appear for a hearing via video-conference, and cited her with contempt.
14 Opp. at 10:1-13:22 and 17:3-22:25. However, Judge Barmann's judicial decisions are not
15 reviewable by this Court (no jurisdiction) and his demeanor while presiding over the state-court
16 action is quintessentially judicial in nature and protected by absolute judicial immunity. *See*
17 *Forrester v. White*, 484 U.S. 219, 225 (1988) (Writing for a unanimous Supreme Court, Justice
18 O'Connor explained that "[j]udicial immunity apparently originated, in medieval times, as a device
19 for discouraging collateral attacks and thereby helping to establish appellate procedures as the
20 standard system for correcting judicial error," as well as to preserve judicial autonomy "by
21 insulating judges from vexatious actions prosecuted by disgruntled litigants."); *see also Demoran*
22 *v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) ("Allegations of malice or bad faith in the execution of
23 the officer's duties are insufficient to sustain the complaint when the officer possesses absolute
24 judicial immunity.").

25 The same holds true for Plaintiff's argument about Presiding Judge Bradshaw not doing
26 anything in response to these purported occurrences in the courtroom. Not only does Plaintiff fail
27 to allege sufficient facts to state the elements of a cognizable legal theory against Presiding Judge
28 Bradshaw, she challenges his decision-making as the Presiding Judge of the Superior Court. He

is entitled to absolute judicial immunity.

Defendants respectfully request that the Court grant the Motion and dismiss the Complaint.

Leave to amend should be denied as futile. The Opposition concedes that "several incidents have occurred that obviated the need for an Amended Complaint" (Opp. at 19:18-19) and the Opposition makes clear that Plaintiff is challenging state-court judicial decision-making that will never be able to survive another round of pleading attack. Defendants respectfully request that the Court deny leave to amend and dismiss this action with prejudice.

Dated: June 21, 2023

ANGELO, KILDAY & KILDUFF, LLP

By:_____
*/s/ Derick E. Konz*
DERICK E. KONZ
Attorneys for Defendants SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN; PRESIDING JUDGE ERIC BRADSHAW; and JUDGE BERNARD C. BARMANN, JR.