1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH, | Case No. 1:23-cv-00461 JLT CDB |
| Plaintiff, | ORDER DISMISSING DOE DEFENDANT |
| v. | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| BERNARD C BARMANN, et al., | |
| Defendant. | |

Plaintiff, attorney Reshma Kamath, brought this suit against the Kern County Superior Court; Kern County Superior Court Judge Bernard C. Barmann, Jr.; the Presiding Judge of that Court, Eric Bradshaw; and an unnamed Deputy Sheriff. (*See generally* Doc. 1.) On May 13, 2024, the Court dismissed all claims against Judge Barmann, Presiding Judge Bradshaw, and the Superior Court without leave to amend. (Doc. 19.) In that same order, the Court ordered Plaintiff to show cause within 21 days why the remaining defendant should not be dismissed:

> The record reflects that the unnamed Deputy Sheriff defendant has not entered an appearance in this case. (*See* Docket; *see also* Doc. 13 at 18 (plaintiff conceding as much).) There is no evidence on the docket that the unnamed Deputy has been served. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See also Flores v. Los Angeles Cnty. Sheriff's*

1

> *Dep't*, No. 2:21-CV-00117-VAP-EX, 2022 WL 18277272, at *8 (C.D. Cal. Nov. 2, 2022) (indicating a court may dismiss a doe defendant who is not timely identified and served). Alternatively, if the unnamed Deputy has been served and has not appeared, then it is unclear why Plaintiff has not requested entry of default against the Deputy. Thus, the Court will require Plaintiff to show cause in writing why the claims against the Unnamed Deputy Sheriff should not be dismissed.
>
> ***
>
> Within 21 days of the date of this order, Plaintiff is ordered to show cause why the unnamed Deputy Sheriff should not be dismissed from this case without prejudice because of either her failure to serve him or her failure to prosecute this matter.  If Plaintiff fails to timely respond to this order to show cause, the Deputy Sheriff will be dismissed and this case closed without further notice.

(Doc. 19 at 12–13.)

The Complaint was filed on March 26, 2023, more than 14 months ago. The record does not reflect that the unnamed Deputy Sheriff has been served or that there is good cause or other reason to extend the 90-day deadline to do so. *See* Fed R. Civ. P. 4(m). On May 13, 2024, the Plaintiff filed a document, apparently in response to the Court's order to show cause, filled with vitriol, implied threats of violence and inappropriate language but without addressing substantively the Court's concerns. (Doc. 20.) Instead, Plaintiff indicates that counsel for the now-dismissed State Court Defendants failed to identify the unnamed Deputy Sheriff. (*Id*. at 3.) Plaintiff does not explain why Defense counsel was obligated to provide this information or why Plaintiff failed to move to compel any such action when he did not do so. Dismissal pursuant to Rule 4(m) is therefore appropriate. *Bonderer v. Unknown*, No. 2:20-cv-2540 AC P, 2022 WL 1104747, *2 (E.D. Cal. April 13, 2022) (action dismissed because plaintiff failed to identify any defendant for service within the time prescribed by Rule 4(m) and did not show good cause for the failure); *see also Anderson v. Air West, Inc*., 542 F.2d 522, 524 (9th Cir. 1976) (affirming dismissal of complaint for failure to prosecute when defendants were not served for almost one year after filing).

///

///

///

2

Accordingly, the remaining claims in the Complaint are **DISMISSED**, and the Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **June 5, 2024**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE